UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANDREW F. WALKER,

      Petitioner,

  v.

D.K. SISTO, Warden,

      Respondents.

NO. CIV. S-07-2070 FCD DAD (HC)

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on respondent D.K. Sisto's ("respondent") application for a stay of the court's March 4, 2010 order granting petitioner Andrew F. Walker's ("petitioner") habeas petition. The court adopted the magistrate judge's findings and recommendations ("F&Rs"), granting the petition on the ground that the record lacked some evidence supporting the denial of parole and requiring respondent to "calculate a term for petitioner in accordance with the requirements of California Penal Code § 3041" within thirty days of server of the order. (Docket #17.) Respondent moves for a stay of the court's order pending appeal, or in the alternative, for a temporary stay to

give respondent the opportunity to seek a stay in the Ninth Circuit.

Federal Rule of Appellate Procedure 8(a) provides that a party must move in the district court for a stay of the judgment or order of a district court pending appeal.  In the context of a habeas corpus matter, "Federal Rule of Appellate Procedure 23(c) provides that, when the Government appeals a decision granting a writ of habeas corpus, the habeas petitioner shall be released from custody," unless the court rendering the decision orders otherwise.  Hilton v. Braunskill, 481 U.S. 770, 772 (1987).[1]  Rule 23(c) "undoubtedly creates a presumption of release from custody in such cases," but the presumption may be overcome where the factors traditionally considered in deciding whether to stay a judgment in a civil case, "tip the balance against it."  Id. at 774, 777.  These factors include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits [of its appeal]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Id. at 776-77.  "Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors

---

[1] Fed. R. App. Proc. 23(c) provides: "While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety."

2

1 . . . militate against release." Id. at 778.  Where the merits
2 showing does not meet this level, "the preference for release
3 should control."  Id.  Ultimately, like its discretion in
4 "conditioning a judgment granting habeas relief," this court has
5 "broad discretion" in determining "whether the judgment granting
6 habeas relief should be stayed pending appeal."  Id. at 775.

In this case, respondent has shown a possibility, although
not a likelihood, of success on some of the substantial issues
presented in this case.  These issues include, *inter alia*: (1)
whether there is clearly established federal law requiring that a
decision to deny parole be supported by "some evidence"; (2) if
such law exists, whether some evidence existed in this case; and
(3) whether the appropriate remedy for a violation was
calculation of a release date.  All of these matters present
complicated questions, which neither the Supreme Court nor the
Ninth Circuit have definitively addressed.[2]

However, apart from the complexity of the merits issues, the
other factors do not militate strongly in favor of a stay.
Respondent has not made a particularized showing that calculation
of a release date would endanger public safety or otherwise harm
the parole system generally.  The court also rejects respondent's
contention that a stay, which necessarily prolongs detention,
will not injure petitioner as well as respondent's argument that
a stay sufficiently furthers the public interest in respecting
the state's parol process.

---

[2] These questions and the relevant case law are thoroughly described by the magistrate judge in the F&Rs, by respondent's brief objecting to the F&Rs, and the instant motion. Accordingly, the court does repeat that discussion here.

1      Nevertheless, the court finds that consideration of all
2 relevant factors, including the highly difficult questions on the
3 merits, warrants a limited stay to allow respondent to seek a
4 stay from the Ninth Circuit Court of Appeals pursuant to Federal
5 Rule of Appellate Procedure 8(a)(2)(A)(ii).
6      IT IS SO ORDERED.
7 DATED: March 18, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE