IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW F. WALKER,

    Petitioner,                      No. CIV S-07-2070 JAM DAD P

    vs.

D. K. SISTO, Warden,

    Respondent.                   FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises several challenges to the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole for one year at his fourteenth parole consideration hearing held on April 4, 2006. Specifically, petitioner claims that the Board's decision violated the Ex Post Facto and Double Jeopardy Clauses as well as his federal constitutional rights to due process, equal protection, and a jury trial. Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

I. Procedural Background

        Petitioner is confined pursuant to a judgment of conviction entered in the Alameda County Superior Court on November 14, 1977, on charges of first degree murder and

kidnapping. (Doc. No. 1 at 1.)[1] Pursuant to that state court conviction, petitioner was sentenced to life in state prison with the possibility of parole. (Id.)

The parole consideration hearing at issue was held on April 4, 2006. (Doc. No. 1 at 20.) It was petitioner's fourteenth such hearing. (Id.) On that date, a panel of the Board found petitioner not suitable for release on parole and denied him parole for one year. (Id. at 27.)

Petitioner challenged the Board's decision in a petition for a writ of habeas corpus filed in the Alameda County Superior Court. (Answer, Ex. 2.) That petition was denied by order dated March 1, 2007, in which the court reasoned as follows:

> The Petition for writ of habeas corpus is denied. The Petition fails to state a prima facie case for relief. While not submitting a transcript of the entire hearing, Petitioner has submitted numerous documents in support of his Petition, review of the transcripts provided and documents pertaining to the April 4, 2006 hearing, indicate that there was no abuse of discretion by the Board of Prison Terms. The factual basis of the BPT's decision granting or denying parole is subject to a limited judicial review. A Court may inquire only whether some evidence in the record before the BPT supports the decision to deny parole. The nature of the offense alone can be sufficient to deny parole. (In re Rosenkrantz (2002) 29 Cal.4th 616, 652, 658, 682; In re Dannenberg (2005) 34 Cal.4th 1061. The record presented to this Court for review demonstrates that there was certainly some evidence, including, but not limited to the committing offense, including Petitioner's continuing denial of culpability for that offense, and the conclusions contained in the psychologist's report about the future dangerousness of Petitioner based on his insistence of not being the perpetrator of the committing offense. There is nothing in the record that indicates that the Board's decision was arbitrary or capricious, nor that Petitioner's equal protection or due process rights were violated. Thus, Petitioner has failed to meet his burden of sufficiently proving or supporting the allegations that serve as the basis for habeas relief.

(Answer, Ex. 1.)

Petitioner subsequently filed a petition for a writ of habeas corpus in the California Court of Appeal for the First Appellate District. (Answer, Ex. 3.) Although the

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

record before this court does not contain a copy of the Court of Appeal's decision in response to this state habeas petition, respondent represents that petitioner's application for relief was summarily denied by the state appellate court. (Answer at 2 & Ex. 4.) On June 20, 2007, petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. (Answer, Ex. 5.) That petition was summarily denied by order dated August 8, 2007. (Answer, Ex. 6.)

Petitioner filed the instant petition in this court on October 2, 2007. On March 4, 2010, the district court granted the petition with respect to petitioner's due process claim, relying on then-binding Ninth Circuit precedent. (Doc. Nos. 15 & 17.) Judgment was entered accordingly. (Doc. No. 18.) In light of that disposition, the district court did not address petitioner's remaining challenges to the Board's 2006 decision finding him unsuitable for parole. Respondent filed a timely appeal and the district court granted respondent's motion for a stay pending appeal. (Doc. Nos. 19 & 23.) During the pendency of the appeal, the United States Supreme Court issued its decision in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859, 861-62 (2011) wherein it rejected the Ninth Circuit decisions upon which the granting of habeas relief in this case had relied. Accordingly, in a memorandum decision dated June 28, 2011, the Court of Appeals for the Ninth Circuit reversed the judgment and rejected petitioner's due process claim. (Doc. No. 25.) The Ninth Circuit remanded the matter to this court to rule on petitioner's remaining challenges to the Board's 2006 decision to deny him parole. (Id.) Below, this court will address those remaining challenges.[2]

II. Standards of Review Applicable to Habeas Corpus Claims

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct.

---

[2] By order dated August 31, 2011, the case was reassigned to U.S. District Judge John A, Mendez. (Doc. No. 27.)

3

13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[3]

---

[3] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

4

Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams, 529 U.S. at 412.  See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).  If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en

banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

III. Petitioner's Claims

   A. Violation of Right to a Jury Trial

Citing the decisions of the United States Supreme Court in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and similar cases, petitioner claims that the Board's 2006

/////
/////
/////

decision finding him unsuitable for parole violated his right to a jury trial.[4] (Doc. No. 1 at 9, 27, 29-31.) Petitioner points out that 15 California Code of Regulations ("CCR") § 2281(c)(1), which identifies one of the circumstances tending to show that an inmate is unsuitable for parole as "the prisoner committed the offense in an especially heinous, atrocious or cruel manner," contains identical language to that found in former California Penal Code § 190.2(a)(14), which allowed a jury to sentence an inmate to life without parole or death if it found, as a special circumstance, that "the murder was especially heinous, atrocious or cruel." (Id. at 29.) Petitioner argues that the Board's reliance upon 15 CCR § 2281(c)(1) in finding him unsuitable for parole essentially increased his sentence to one of life imprisonment without the possibility of parole pursuant to California Penal Code § 190.2(a)(14), without a finding by a jury that his crime was especially "heinous, atrocious or cruel." (Id. at 9, 29-31.) Put another way, petitioner is arguing that the Board's 2006 decision denying him parole has essentially turned his sentence into one of life without the possibility of parole, even though none of the special circumstances or aggravating factors required for such a sentence were found by a jury or a judge in his case.

Petitioner also contends that the Board's decision "has had the potential of increasing the Petitioner's sentence and subjecting him to punishment in the amount of double punishment, twice punished for the same crime and offense by allowing the administrative agency and the prosecution to come back and create rules that inject and infect the parole scheme with factors not found in the court of law and to use them administratively making execution of sentence unconstitutional." (Id. at 31.)

The last reasoned decision addressing petitioner's claims is the opinion of the Alameda County Superior Court, set forth above. That court limited its analysis to petitioner's due process and equal protection claims and did not address the merits of his Sixth Amendment

---

[4] In Apprendi, the United States Supreme Court held that the Due Process Clause of the Fourteenth Amendment requires any fact other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" to be "submitted to a jury and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

1   claim. Under these circumstances, this court must conduct de novo review of that claim.
2   Stanley, 633 F.3d at 860. Nonetheless, petitioner's claim that the Board's failure to find him
3   suitable for parole has transformed his sentence into one of life without the possibility of parole
4   lacks a factual basis and should be rejected. See Lomas v. Hartley, No. CV 10-3813 DDP
5   (FFM), 2011 WL 3818878, at * 3 (C.D. Cal. May 19, 2011) ("[T]he Apprendi cases do not
6   suggest that there is a 'statutory maximum' shorter than life, within an indeterminate sentence"
7   and '[t]hus they do not apply to a denial of parole."); Hardwick v. Clarke, No. CIV S-06-06772
8   LKK DAD P, 2010 WL 1444575, at *15, n.4 (E.D. Cal. Apr. 12, 2010) (Rejecting similar claim
9   since "petitioner's sentence has not been changed by the Board's actions because petitioner is
10  still eligible for parole.")

11  Petitioner's indeterminate life sentence has not been changed – petitioner is still
12  eligible for parole. The fact that the Board relied, in part, on a regulation that contains the same
13  language as that set out in an unrelated sentencing statute to find petitioner unsuitable for parole
14  does not change this result. Because petitioner's sentence was not "increased" in any way by the
15  Board's 2006 decision, his Sixth Amendment rights as described by the U.S. Supreme Court in
16  Apprendi have not been violated. Lomas, 2011 WL 3818878, at * 3. Further, any claim that the
17  Board misapplied state regulations regarding parole suitability in petitioner's case is a matter of
18  state law that is not cognizable in this federal habeas petition. "[F]ederal habeas corpus relief
19  does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). For these
20  reasons, petitioner is not entitled to federal habeas relief with respect to his Sixth Amendment
21  claim.

22      B. Ex Post Facto/Bill of Attainder

23  Petitioner also claims that the Board's 2006 decision to deny him parole violated
24  "Bill of attainder – Ex post facto laws." (Doc. No. 1 at 20.) Specifically, petitioner alleges that
25  he was sentenced "under former regulatory procedures, less burdensome, less harsher, less
26  onerous wherein the maximum term served for any persons serving time for first degree murder

was 11 years 7 months he should be entitled to release forthwith." (Id. at 21.) Petitioner argues, in general, that the Board's 2006 decision was based on current laws that are more onerous than the laws in effect when he was sentenced, and that the Board's reliance on current law has transformed his sentence into one of life without the possibility of parole even though he did not receive that sentence. (Id. at 25-26, 28, 31-32.) Petitioner also contends that the Board's decision to deny him parole has "convert[ed] his determinate sentence into an indeterminate sentence." (Id. at 32.)[5]

Article I, section 10 of the United States Constitution states that "[n]o State shall . . . pass any Bill of Attainder [or] ex post facto Law. . . ." U.S. Const., art. I, § 10, cl. 1. "In its most basic application, the clause precludes Congress and the states from enacting laws that criminalize an act already performed." Schroeder v. Tilton, 493 F.3d 1083, 1087 (9th Cir. 2007). See also Serrato v. Clark, 486 F.3d 560, 571 (9th Cir. 2007) (retroactive alteration of parole provisions also implicate the clause). However, as discussed above, petitioner's claim that the Board's 2006 decision has transformed his sentence into one of life without the possibility of parole lacks a factual basis because petitioner remains eligible for parole.

To the extent petitioner is claiming that the Board improperly applied the Indeterminate Sentencing Law (DSL) at his 2006 parole suitability hearing, when it should have applied the Determinate Sentencing Law (DSL), any such claim is foreclosed by the decision of the Ninth Circuit Court of Appeals in Connor v. Estelle, 981 F.2d 1032 (9th Cir. 1992). In Connor, the court held that application of DSL, rather than ISL, suitability criteria does not violate the Ex Post Facto Clause, because "[t]he ISL and DSL guidelines apply identical criteria

/////
/////
/////

---

[5] The decision of the California Superior Court did not address petitioner's ex post facto or bill of attainder claims. Accordingly, this court will conduct a de novo review of those claims.

in determining parole suitability." 981 F.2d at 1034-35 (citing In re Duarte, 143 Cal. App. 3d 943, 951 (1983)).[6]

Petitioner's allegation that the Board's application of the DSL constituted an unlawful bill of attainder also fails. "A law is an unconstitutional bill of attainder if it 'legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" United States v. Lujan, 504 F.3d 1003, 1006 (9th Cir. 2007) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468 (1977)). Here, the Board did not determine petitioner's guilt or inflict punishment at his 2006 parole suitability hearing. The issues of petitioner's guilt and punishment were determined after a judicial trial in state court. See Young v. Sisto, No. CIV S-06-1103 VAP (HC), 2010 WL 2902349, at * 10 (E.D. Cal. July 22, 2010) ("Since Petitioner was sentenced to a total term of twenty-two years to life, with the possibility, not the guarantee of parole, 'the denial of parole does not impose an additional or more onerous punishment for his commitment offense' and 'is not a punishment in addition to that which he faced when he was convicted in judicial proceedings.'") (quoting Woo v. Powers, NO. EDCV 05-375-SJO (JC), 2008 WL 4361246, at *11, n. 12 (C.D. Cal. Sept. 15, 2008)). Accordingly, the bill of attainder clause is simply not applicable to petitioner's 2006 parole suitability hearing.

For the foregoing reasons, petitioner is not entitled to relief with respect to his ex post facto and bill of attainder claims.

C. Double Jeopardy

Petitioner also claims that the Board's 2006 decision denying him parole violated the Double Jeopardy Clause. In this regard, petitioner explains as follows:

> Because our Board's functions are comparative to judges, double jeopardy is well settled that in a jury trial jeopardy attaches when

---

[6] In the traverse, petitioner states that he "withdraws any challenge to ex post facto law in so much as it applies to California Code Regulation section 2404 compared to section 2281, and to this issue only." (Doc. No. 12 at 5.)

> the jury is empaneled and sworn. Crist v. Bretz, 437 U.S. 28, 35. Once jeopardy has attached, a defendant has a constitutional right, to have a particular tribunal [board] decide his guilt, innocent or punishment. The reasons why this "valued right" merits constitutional protections are worthy of repetition. In this case, Petitioner Walker was tried and convicted of the elements necessary to charge first degree murder [without] any facts found as special circumstances.
>
> Because the Board's regulations are akin to a special circumstance finding, language used in the Board's unsuitability regulations set forth in § CCR 2281(c)(1); 2402(c)(1) identical to Penal Code § 190.2 (14) application of such regulations implicates the double jeopardy protections.

(Doc. No. 1 at 29.)

Petitioner appears to be arguing that the 2006 parole suitability proceeding before the Board constituted a new trial on the same charges for which he was convicted, at which time his first degree murder conviction was converted to first degree murder with a "special circumstance" finding, and that this violated the Double Jeopardy Clause. (Id. at 30.) Petitioner also apparently contends that the Board's use of "special circumstances" to deny him parole violated the Double Jeopardy Clause because those special circumstances were not enacted into California law until after he was sentenced. (Id. at 33.) Finally, petitioner argues that he has been kept in prison "indefinitely by de facto life without procedures and unwritten policies." (Id.) In this vein he states, "what has happened to make terms uniform by increasing them all to that akin to [life without parole] is improper and should be invalidated as double jeopardy as applied in Petitioner's case." (Id. at 34.)

The Double Jeopardy Clause of the Fifth Amendment commands that "[n]o person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." "Under this Clause, once a defendant is placed in jeopardy for an offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried or punished a second time for the same offense." Sattazahn v. Pennsylvania, 537 U.S. 101, 106 (2003).

/////

Petitioner's 2006 suitability hearing was not a new trial on the murder charges against him and it did not result in the imposition of any new punishment. Rather, it was a hearing to determine whether petitioner was at that time suitable for parole. The Board's decision that petitioner was not suitable for parole did not increase his sentence nor did it alter his conviction in any way. See Mayfield v. Carey, 747 F. Supp.2d 1200, 1212 (E.D. Cal. 2010) ("Petitioner's [Double Jeopardy] claim fails because the Board's decision did not subject him to either a second criminal prosecution or to multiple punishments for the commitment offense."); DeSilva v. Allison, No. 1:11-cv-0263-LJO-SKO-HC, 2011 WL 1326958, at *6 (E.D. Cal. Apr. 6, 2011) ("Petitioner was sentenced to a term of fifteen (15) years to life" and therefore "could not allege facts to constitute a cognizable claim that the denial of parole violated the Double Jeopardy Clause[.]")

Accordingly, petitioner is not entitled to federal habeas relief with respect to his Double Jeopardy claim.

### D. Biased Panel/No-Parole Policy

Petitioner next claims that the Board members and the Governor were biased against him at the time of his 2006 parole hearing, in violation of his right to due process. (Doc. No. 1 at 40.) Petitioner also alleges that he was denied parole pursuant to an illegal "no parole policy." (Id.) In this regard, petitioner contends that the fact the Governor of California only reviews grants of parole and not parole denials and that this demonstrates a "no parole policy" and "deprives petitioner of equal protections of the law." (Id. at 42.) Petitioner "proposes a new policy of allow[ing] the Governor to review denials." (Id.) This claim was also not addressed by the Alameda County Superior Court and this court will, therefore, review it de novo.

The Ninth Circuit Court of Appeals has acknowledged that California inmates have a due process right to parole consideration by neutral decision-makers. See O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990) (an inmate is "entitled to have his release date considered by a Board that [is] free from bias or prejudice"). Indeed, "a fair trial in a fair tribunal

12

is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136 (1955). Petitioner is thus correct that he was entitled to have his suitability for parole considered by a Board that was free of bias or prejudice. However, petitioner has submitted no evidence suggesting, let alone demonstrating, that the Board was under any pressure from the Governor's office to deny him parole because of a "no-parole policy" or that any individual member was otherwise biased against him at the time of his parole hearing in 2006. The fact that the California Governor may review grants of parole by the Board and not parole denials does not demonstrate bias or a no-parole policy. Karr v. Sisto, No. 2:07-cv-0510-RSL-JLW, 2010 WL 1135873, at *11 (E.D. Cal. Mar. 22, 2010) (where petitioner has offered no evidence in support of a claim of parole bias, the claim should be rejected) (citing Bettencourt v. Knowles, No. CIV S-07-2246 FCD DAD P, 2009 WL 4755403, at *17-18 (E.D. Cal. Dec. 8, 2009).

In short, petitioner has failed to substantiate his claims of bias. Therefore, he is not entitled to federal habeas relief with respect to such claims.

### E. Unconstitutionally Vague Language

Petitioner claims that the phrase "especially heinous, atrocious or cruel," found in 15 CCR § 2281(c) renders that regulation unconstitutionally vague. (Doc. No. 1 at 28.) This claim lacks merit and should be rejected.

A statute or regulation is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement." United States v. Doremus, 888 F.2d 630, 634 (9th Cir. 1989). See also Skilling v. United States, ___U.S.___, ___, 130 S. Ct. 2896, 2904 (2010). However, the Due Process Clause does not require the same precision in the drafting of parole release statutes as is required wit respect to penal laws. Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 913-14 (9th Cir. 2008). A prisoner's vagueness challenge to the standards applicable at parole hearings fails where the prisoner has received the process that is due under the Supreme Court's decision in Greenholtz v. Inmates of Nebraska Penal. Butler v. Calderon,

No. C 97-2184 EDL(PR), 1998 WL 387612, at *5 (N.D. Cal. July 6,1998). Here, the U.S. Court of Appeals for the Ninth Circuit found that petitioner's 2006 parole hearing satisfied the applicable due process requirements. Therefore, petitioner's vagueness claim is without merit.[7] See Glauner v. Miller, 184 F.3d 1053, 1055 (9th Cir.1999) (statute requiring that an inmate be certified "not a menace to the health, safety or morals of others" for parole eligibility was not unconstitutionally vague); Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987) (rejecting claim that due process required articulation of a standard definition of "significant planning and preparation" in the parole context); Hess v. Angelozzi, Civil No. 09-861-AC, 2011 WL 3298523, at *3 (D. Or. June 22, 2011) (rejecting void for vagueness challenge to Board's reliance on "present severe emotional disturbance" statutory language in denying parole); Butler, 1998 WL 387612, at *5.

Accordingly, petitioner is not entitled to relief with respect to this claim.

F. Equal Protection

Petitioner also argues that the "retrospective application" of California's parole statutes violated his right to equal protection because he has spent more time in prison than he would have if the laws in effect at the time he was sentenced were still in effect. (Doc. No. 1 at 35.) In this regard, petitioner again appears to be arguing that the Board should have applied California's Indeterminate Sentencing Law at his 2006 suitability hearing. Petitioner states that

---

[7] Similar vagueness challenges to California's parole regulations have been consistently rejected by federal courts. See Winston v. California Bd. of Prison Terms, No. S-00-0156 FCD GGH P, 2006 WL 845584, at *2 (E.D. Cal. Mar. 31, 2006); Sariaslan v. Butler, No. C 04-01073 CRB, 2004 WL 2203472, at *5 (N.D. Cal. Sept. 28, 2004); Masoner v. California, No. CV 03-1261-ER, 2004 WL 1080177, at *1 (C.D. Cal. Jan. 23, 2004). Moreover, the use of terms such as "especially cruel" or "callous" in parole suitability guidelines has been upheld. See Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 914 (9th Cir. 2008) ("Neither this court nor the Supreme Court has identified the level of specificity required for a parole release statute to avoid impermissible vagueness). Cf. Maynard v. Cartwright, 486 U.S. 356, 363-65 (1988) (in a capital case, the "especially heinous, atrocious, or cruel" aggravating circumstance was unconstitutionally vague because it did not offer sufficient guidance to the jury in deciding whether to impose the death penalty); Tuilaepa v. California, 512 U.S. 967, 972 (1994) (statutory aggravating circumstances in capital cases "may not be unconstitutionally vague").

1   other persons who committed crimes in 1977 are out of prison, but that he is still in prison
2   because "he was penalized by retrospective applications and procedures of a statute in a manner
3   these others 'similarly situated' were not." (Id. at 36.) He also asserts that his sentence of "thirty
4   plus years" is "completely out of the range" of the sentences served by other "I.S.L. first degree
5   murderers." (Id.) Petitioner further claims that his sentence "has long exceeded the maximum
6   'matrix' sentence even the most aggravated first degree murderers are supposed to receive." (Id.
7   at 21.)

8              A petitioner raising an equal protection claim in the parole context must
9   demonstrate that he was treated differently from other similarly situated prisoners and that the
10  Board lacked a rational basis for its decision. McGinnis v. Royster, 410 U.S. 263, 269-70
11  (1973); McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991). Petitioner has failed to show
12  that any other inmate who was similarly situated to him was granted a parole date. Petitioner has
13  also failed to demonstrate that the Board violated his equal protection rights at his 2006 hearing
14  by applying a different suitability standard in his case. Accordingly, petitioner is not entitled to
15  relief on a claim that his equal protection rights were violated by the Board's conclusion that he
16  was not suitable for parole in 2006. See Jones v. Dickinson, No. CIV S-09-2664-MCE-TJB,
17  2010 WL 3716201, at *9-10 (E.D. Cal. Sept. 15, 2010) (rejecting nearly identical claim for
18  federal habeas relief); Siller v. Sisto, No. 2:07-cv-0641-RSL-JLW, 2009 WL 4048110, at *11
19  (E.D. Cal. Nov. 19, 2009) (same).

20             Petitioner's claim that he should have been released from prison by now is
21  essentially a claim that state law has been violated. Petitioner's arguments in this regard have
22  been rejected by the California Supreme Court which has held, for example, that the Board is not
23  required to refer to its sentencing matrices or to compare other crimes of the same type in
24  deciding whether a particular prisoner is suitable for release on parole. See In re Dannenberg, 34
25  Cal. 4th at 1084, 1098; see also In re Lawrence, 44 Cal. 4th at 1217, 1221. Petitioner's
26  arguments that the state courts erred in applying state law in reviewing the Board's decision to

deny him parole are not cognizable in this federal habeas corpus proceeding. Swarthout, 131 S. Ct. at 861; Estelle, 502 U.S. at 67-68.

This court also notes that California parole guidelines require the setting of a "base term for each life prisoner who is found suitable for parole." 15 C CR § 2403(a). The "base term" is "established by utilizing the appropriate matrix of base terms" provided in 15 CCR § 2403. 15 CCR § 2403(a). Here, however, petitioner has not yet been found suitable for parole, "which is a prerequisite for the determination of a 'base term' and the calculation of a parole date." Murphy v. Espinoza, 401 F. Supp.2d 1048, 1055 (C.D. Cal. 2005). See also Irons v. Carey, 505 F.3d 846, 851 n.3 (9th Cir. 2007) (A "'determination of an individual inmate's suitability for parole under section 3041, subdivision (b) must precede any effort to set a parole release date under the uniform-term principles of section 3041, subdivision (a).'") (quoting In re Dannenberg, 34 Cal.4th at 1079-80); Cal. Penal Code § 3041(b) (The Board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting."); 15 C.C.R. § 2402(a) (The Board "shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the [Board] the prisoner will pose an unreasonable risk of danger to society if released from prison."). "In other words, absent a determination of parole suitability by the [Board], there is no 'base term.'" Murphy, 401 F. Supp.2d at 1055. See also Cal. Penal Code § 3041(b); 15 C.C.R. § 2403(a).

Essentially, the matrix is irrelevant to making a parole suitability determination. Instead, under California law the Board ignores the matrix and examines the record to determine whether the prisoner poses a current danger to society. Dannenberg, 34 Cal.4th at 1098. Here, because petitioner has not yet been found suitable for release on parole, he remains subject to an

indeterminate life sentence.  See Irons, 505 F.3d at 851 ("Under California law, prisoners serving an indeterminate sentence for . . . murder 'may serve up to life in prison, but [ ] become eligible for parole consideration after serving minimum terms of confinement.'" (quoting Dannenberg, 34 Cal.4th at 1078).

For these reasons, petitioner has failed to establish that he was denied equal protection under the law by the Board's 2006 decision and he is not entitled to federal habeas relief with respect to this claim.

### G. Evidentiary Hearing

Petitioner also requests that an evidentiary hearing be held on his claims for federal habeas relief.

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." Baja v. Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999). See also Earp v. Ornoski, 431 F.3d 1158, 1166 (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner

requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." Earp, 431 F.3d at 1167 (citing Insyxiengmay, 403 F.3d at 670, Stankewitz v. Woodford, 365 F.3d 706, 708 (9th Cir. 2004) and Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." Ortiz v. Stewart, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).[8]

It does not appear from the record that the California courts made any independent evidentiary findings with respect to the issues raised in the pending petition. Therefore, review in this case is based upon the findings of the Board, which held a full suitability hearing in 2006, at which time it developed the facts. The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the claims raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Further, petitioner has not identified any factual conflict that would require this court to hold an evidentiary hearing in order to resolve. Therefore, petitioner's request for an evidentiary hearing should be denied as well.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

---

[8] The Supreme Court has recently held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim on the merits" and "that evidence introduced in federal court has no bearing on" such review. Cullen v. Pinholster, 563 U.S. ___, ___, 131 S. Ct. 1388, 1398, 1400 (2011).

1 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v. Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

DATED: September 6, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
walker2070(2).hc